The present matter is before the court on plaintiffs’ motion for correction, pursuant to Rule 152(b), of an order of dismissal, with prejudice, and defendant’s opposition thereto. The essential facts are not in dispute. After careful consideration of the briefs and without oral argument, we deny plaintiffs’ motion.
Plaintiffs originally filed their petition on May 21, 1976, claiming a tax refund in the amount of $62,928, plus interest as provided by law. Defendant filed an answer. Subsequently in early 1977 (during March or April) the parties agreed to a settlement and compromise of the case. That agreement formed the basis of the stipulation of dismissal, with prejudice, which the parties filed here on July 29, 1977. It is the order of dismissal issued following the stipulation of dismissal that plaintiffs request us to modify.
The chronology of events which gave rise to the present dispute is as follows:
1. By no later than April 14, 1977, the parties had agreed to an acceptable theoretical basis for settling the case. Actual computations of the amount of refund were not made at that time.
*675 2. Defendant subsequently computed the amount of refund due the plaintiff, plus interest. A copy of these computations was mailed to plaintiffs’ counsel on July 7, 1977. He received the computations on July 22, 1977, and informed defendant on July 26, 1977, that plaintiffs believed the computations were wrong. Plaintiffs’ counsel also informed defendant that he was forwarding a correct set of computations to defendant. The plaintiffs’ computations were eventually accepted as correct.
3. On July 29, 1977, defendant filed the stipulation of dismissal, with prejudice, with this court even though the correct amount of the refund was still not settled between the parties. The order of dismissal, with prejudice, was entered the same day.
4. Meanwhile, on July 6, 1977, the Department of Treasury issued six refund checks payable to plaintiffs with interest computed until June 6, 1977, based on the defendant’s initial erroneous computations of the amount of refund due plaintiffs. These checks to plaintiffs were inadvertently forwarded to the U.S. Attorney in Spokane, Washington, instead of plaintiffs’ address. Subsequently, the checks were returned to defendant, who redirected them to plaintiffs’ counsel. They were received by plaintiffs’ counsel on August 1, 1977. The checks, although retained in plaintiffs’ counsel’s office until February 1978, were never negotiated and presently repose in the Clerk’s Office of this court.
5. On February 7, 1978, defendant admitted that its initial computations of the amount of refund plaintiffs were due under the settlement and compromise were wrong. It agreed to the computations plaintiffs had submitted and forwarded plaintiffs’ counsel additional refund checks for the amount of the error the same day. Interest on the additional refund checks was computed to a date 30 days before the date of the additional refund checks.
6. Defendant, however, paid no additional interest on the amount of overpayment refunded to plaintiffs by the six checks dated July 6, 1977.
The gravamen of plaintiffs’ motion for correction of the order of dismissal, with prejudice, is that defendant should pay additional interest on the principal amount of refund contained in the six checks dated July 6, 1977, because the amounts of those checks were erroneous causing plaintiffs to not negotiate them for fear that a negotiation of them *676 would constitute an accord and satisfaction of any further claims plaintiffs had against the defendant due to the erroneous computations. Plaintiffs are not disputing that the checks received by their counsel on August 1, 1977, while erroneous in principal amount, included statutory interest on that incorrect amount calculated to within 30 days of the date of their issuance (July 6, 1977); that the supplemental checks received by plaintiffs’ attorney on February 13, 1978, included both the additional principal amount due plaintiffs and statutory interest on that amount calculated to within 30 days of the date of their issuance (February 1, 1978); or that the sum of the principal amounts (exclusive of statutory interest) of these two sets of checks equals the proper amount of the refund calculated under the terms of the settlement.
Although this case bears witness to the confusion that can and does occur within the administrative channels of government, we find no basis for modifying the order of dismissal, with prejudice, to allow further interest on the amount of the refund to plaintiffs represented by the first six refund checks which plaintiffs’ counsel received on August 1, 1977. This court can order interest paid as part of a judgment only "under a contract or Act of Congress expressly providing for payment thereof.” 28 U.S.C. § 2516(a) (1970). In tax refund cases Internal Revenue Code § 6611 empowers this court to award interest. Subsection (b)(2) of that section expressly sets forth the period upon which interest is computed on refunds:
(2) Refunds. — In the case of a refund, from the date of the overpayment to the date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon. [Emphasis supplied.]
Since it is not disputed by plaintiffs that they have received, when the original refund checks and the additional refund checks are combined, the entire refund they are entitled under the terms of the settlement, plus interest computed in accordance with the above subsection, they are not entitled to further interest.
Nor can plaintiffs assert that the six refund checks dated July 6, 1977, were not really paid to them until February *677 1978 when defendant finally admitted plaintiffs’ entitlement to an additional refund. Their fear that negotiation of these checks would result in an accord and satisfaction was groundless. Indeed, it appears that the contract principle of accord and satisfaction has no application in the area of federal tax refunds. See last sentence of subsection (b)(2), supra.
Accordingly, plaintiffs’ motion for correction of mistake under Rule 152(b) is hereby denied.